Entered on Docket
April 21, 2005
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed: April 21, 2005**



_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>SHAM P. ASNAMI,<br><br>      Debtor.<br>_____/ | No. 04-43445 TD<br>Chapter 7 |
| SARA L. KISTLER, Acting<br>United States Trustee,<br><br>      Plaintiff,<br><br>  vs.<br><br>SHAM P. ASNAMI,<br><br>      Defendant.<br>_____/ | A.P. No. 04-4293 AT |

**MEMORANDUM RE DENIAL OF REQUEST FOR DEFAULT JUDGMENT**

    The Office of the United States Trustee (the "UST") filed a complaint seeking to deny the chapter 7 discharge of the above-captioned debtor (the "Debtor"). The complaint alleges, on information and belief, that the Debtor is also known as Sham Asnani, Shan Asnani, Shem Asnani, Parsram Asnani, Parasram Asnani, and Ghanshyam P. Asnani (the "Other Names"). It alleges that the Debtor filed three prior cases using one of the Other names: i.e.,

one in 1990, one in 1995, and one in 2003.  It alleges that he received a discharge in the case filed in 1995.  The 2003 case was filed within the last six years.  The complaint alleges that, in the petition filed to commence this case (the "Petition"), the Debtor failed to disclose that he had used any of the Other Names or that he had filed a bankruptcy case within the last six years.

The complaint alleges that, in the Petition, the Debtor stated that he was single and, in the Statement of Financial Affairs, stated that he had no spouse and was not a party to any lawsuits. It alleges that the Debtor is married to Yashna Asnani, is involved in a lawsuit with Mortgage Press Ltd and has a connection with Royal Crow Bancorp.  He also stated that he was not and had not been an officer, director, partner, or managing executive of any corporations, partnerships, sole proprietorships, and was not and had not been a self-employed professional within the last six years.  The complaint alleges these statements were false and that he fraudulently failed to disclose required information on the Petition and in the Statement of Financial Affairs.

The Debtor was duly served with a summons and complaint and failed to file an answer within the time required.  His default was taken, and the UST filed an application for a default judgment (the "Application").  The sole evidence provided in support of the Application was the declaration of Minnie Loo (the "Loo Declaration"), the Assistant United States Trustee in charge of the Oakland office of the UST.  The Loo Declaration stated, on

2

information and belief, that, in the Petition, the Debtor had failed to disclose that he had filed bankruptcy cases using the Other Names or that he had filed another bankruptcy case within the preceding six years. Attached to the Loo Declaration is a copy of a bankruptcy petition filed in June 2003. The debtor in that case bore one of the Other Names. There is no explanation of why the UST believes that the Debtor and the individual who filed the previous cases are the same person. Although the names of the Debtor and the prior filer are similar, the Court is not persuaded that this is a sufficient basis for denying the Debtor's discharge. It may be that the UST has more of a factual basis for the Application. However, that additional factual basis must be provided to the Court.

The Court also finds troubling the UST's inclusion in the Application of the following quotation: "Upon default, the factual allegations of the complaint will be taken as true. <u>In re Villegas (Valley Oak Credit Union v. Villegas)</u>, 132 B.R. 742, 746 (Bankr. 9th Cir. 1991)." The Court initially read this statement as requiring entry of default judgment, assuming the allegations of a complaint were sufficient, whenever a defendant failed to answer the complaint. The Court was surprised by this quotation since the Court's understanding of the law was that a default judgment required the submission of evidence sufficient to support a prima facie case.

When the Court reviewed the case, it discovered that the statement had been taken out of context and that the holding of

3

the cited case was exactly contrary to what the isolated statement implied. The statement was made as a footnote to the principal holding of the case: i.e., that the trial court has broad discretion to require evidence in support of the request for a default judgment and that entry of a default does not entitle the plaintiff to a default judgment as a matter of right. The Court views the citation of the quoted language out of context as improper practice.

If the UST wishes to obtain a default judgment, it should submit a declaration containing a better explanation of the basis for its belief that the Debtor is the same person who filed the previous three cases.

END OF DOCUMENT

```
                        COURT SERVICE LIST

    Minnie Loo
    Office of United States Trustee
    1301 Clay St., Ste. 690N
    Oakland, CA 94612-5217

    Sham P. Asnami
    30743 Knight Ct.
    Union City, CA 94587
```